UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY LAWSON, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Cause No. 4:17CV1300 JCH |
| JANSSEN PHARMACEUTICALS, INC., f/k/a ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. and JANSSEN PHARMACEUTICA, INC., et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Remand, filed April 19, 2017. (ECF No. 11). The motion is fully briefed and ready for disposition.

## BACKGROUND

On or about February 28, 2017, Plaintiffs filed their Petition in the Circuit Court of the City of St. Louis, Missouri. Plaintiffs filed a First Amended Petition on March 27, 2017. (First Amended Petition (hereinafter "Complaint" or "Compl."), ECF No. 7). In total, there are 80 Plaintiffs joined to the action.[1] Plaintiffs claim that they, or their next friend, suffered damages as a result of their use of the drug Risperdal, which allegedly was designed, developed, tested, labeled, packaged, distributed, marketed, and sold throughout the United States by Defendants. (Compl., P. 3). These claims are alleged to be the result of Defendants' illegal conduct,

---

[1] Plaintiffs are residents of 31 states, including Arizona, California, Colorado, Connecticut, Florida, Georgia, Illinois, Indiana, Iowa, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Mississippi, Missouri, Nebraska, Nevada, New Hampshire, New Jersey, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, South Carolina, Texas, Virginia, and Wisconsin. (Compl., ¶¶ 5-84).

including their "concealment of the true character, quality and nature of their product,….including misrepresenting known dangers and/or defects in Risperdal and/or arising out of the use of Risperdal and a continued and systematic failure to disclose and/or cover-up such information from/to the Plaintiffs, Plaintiffs' physicians, and the public." (*Id.*, ¶¶ 180, 181). Based on these allegations, Plaintiffs bring claims for negligence, fraud, strict product liability (failure to warn), strict product liability, negligent misrepresentation, breach of express warranty, breach of implied warranty, violation of the Missouri Merchandising Practices Acts, conspiracy, and medical expenses incurred by parent. (*Id.*, ¶¶ 188-253).

Defendants removed the action to this Court on April 12, 2017, on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a)[2]. (Notice of Removal, ECF No. 1). Defendants maintain there exists complete diversity among "all properly joined and served parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs." (*Id.*, P. 3). Defendants acknowledge that four Plaintiffs and several Defendants are citizens of Pennsylvania, and two Plaintiffs and several Defendants are citizens of New Jersey, thereby defeating complete diversity as required by 28 U.S.C. § 1332(a), but insist the citizenship of all non-Missouri Plaintiffs should be disregarded as their claims were fraudulently joined in that these Plaintiffs cannot establish personal jurisdiction over any Defendant in any court in Missouri. (*Id.*, PP. 11-

---

[2] Defendants removed on the basis of diversity jurisdiction, despite the lack of complete diversity on the face of the Complaint. In other words, according to Plaintiffs, Plaintiffs Donnavin Negron, Dwyne Hall, Joseph Gwinn, and Kerry Bauder, and Defendants Janssen Pharmaceuticals, Inc., f/k/a Ortho-McNeil-Janssen Pharmaceuticals, Inc. and Janssen Pharmaceutica, Inc., Janssen Research and Development, LLC, f/k/a Johnson & Johnson Pharmaceutical Research & Development, L.L.C., and Patriot Pharmaceuticals L.L.C., are all Pennsylvania residents, and Plaintiffs Heather Senn and Marcus Terrell and Defendants Janssen Pharmaceuticals, Inc., f/k/a Ortho-McNeil-Janssen Pharmaceuticals, Inc. and Janssen Pharmaceutica, Inc., Johnson & Johnson, and Janssen Research and Development, LLC, f/k/a Johnson & Johnson Pharmaceutical Research & Development, L.L.C., are all New Jersey residents. (Compl., ¶¶ 6, 7, 58, 71, 74, 77, 85, 87, 88, 89).

12, 18-21). Defendants emphasize that their removal does not rely on the doctrine of fraudulent misjoinder. (*Id.*, P. 2).

On the same day that they removed the case, Defendants moved to dismiss the claims of the out-of-state Plaintiffs for lack of personal jurisdiction, and/or to dismiss the Complaint for failure to state a claim or order Plaintiffs to file a more definite statement. (ECF No. 4). As noted above, Plaintiffs filed the instant Motion to Remand on April 19, 2017, citing to similar cases from this District in which the Court declined to resolve personal jurisdiction issues prior to addressing the straight-forward subject matter jurisdiction analysis, and remanded the cases due to the facial lack of complete diversity.

## **DISCUSSION**

In their response to Plaintiffs' Motion to Remand, Defendants urge this Court to consider the issue of personal jurisdiction before addressing subject matter jurisdiction. The Supreme Court has held that courts have discretion to consider the issue of personal jurisdiction before considering whether they have subject matter jurisdiction, "where personal jurisdiction is straightforward and presents no complex question of state law, and the alleged defect in subject matter jurisdiction raises a difficult question." *Dorman v. Bayer Corp.*, No. 4:16CV601 HEA, 2016 WL 7033765, at *1 (E.D. Mo. Dec. 2, 2016) (citing *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 588 (1999)). "However, 'in most instances subject-matter jurisdiction will involve no arduous inquiry…[and] both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first.'" *Id.* (quoting *Ruhrgas*, 526 U.S. at 587-88). *See also Swann v. Johnson & Johnson*, No. 4:14CV1546 CAS, 2014 WL 6850776, at *2 (E.D. Mo. Dec. 3, 2014) (declining to consider issues of personal jurisdiction and venue when the issue of subject matter jurisdiction was straightforward and had already been addressed by judges in

this district). Upon consideration, this Court in its discretion will determine the issue of subject matter jurisdiction first, as the question of personal jurisdiction requires a more fact-intensive inquiry. *Dorman*, 2016 WL 7033765, at *1.

In *Triplett v. Janssen Pharmaceuticals, Inc.*, No. 4:14CV2049 AGF, ECF No. 30 (E.D. Mo. July 7, 2015), another Court in this District held that Defendants failed to establish fraudulent joinder based on the purported lack of personal jurisdiction. (*See Id.*, P. 7). The Court cited two other recent cases from this district that so held, *Gracey v. Janssen Pharms., Inc.*, No. 4:15CV407 CEJ, 2015 WL 2066242, at *3 (E.D. Mo. May 4, 2015), and *Simmons v. Sketchers USA, Inc.*, No. 4:15CV340 CEJ, 2015 WL 1604859, at *3 (E.D. Mo. Apr. 9, 2015), as well as numerous cases from other districts.

> The Court concluded that because the defendants' theory of fraudulent joinder failed to attack the merits of the non-diverse plaintiffs' claims, the defendants failed to establish that there is no reasonable basis in fact or law supporting these claims. Therefore, the Court concluded that the defendants failed to satisfy their burden to establish fraudulent joinder, and the Court remanded the case for lack of subject matter jurisdiction, leaving to the state court the question of personal jurisdiction.

*Ward v. Ortho-McNeil-Janssen Pharmaceuticals, Inc.*, No. 4:15CV408 AGF, ECF No. 33, P. 4 (E.D. Mo. July 13, 2015) (citing *Triplett*, No. 4:14CV2049 AGF, ECF No. 30, PP. 8-10).

Upon consideration, this Court will follow the approach taken in *Triplett*, and remand this case for lack of subject matter jurisdiction. *See Ward*, No. 4:15CV408 AGF, ECF No. 33, P. 4. *See also T.R. v. Janssen Pharmaceuticals, Inc.*, No. 4:16CV1860 CEJ, 2017 WL 492827, at *3 (E.D. Mo. Feb. 7, 2017) (internal quotations and citations omitted) ("Courts in this district have repeatedly held that an alleged lack of personal jurisdiction does not establish fraudulent joinder….This Court agrees that the fraudulent joinder doctrine requires the Court to consider the

merits of plaintiffs' claims under state law, and a personal jurisdiction challenge does not go to the merits of the claim.").

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (ECF No. 11) is **GRANTED**, and this matter is **REMANDED** to the Circuit Court of the City of St. Louis, State of Missouri. A separate Order of Remand will accompany this Memorandum and Order.

Dated this  3rd  Day of May, 2017.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE